UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THOMAS LEE NUNES,　　　　　　　　　　　　　Case No. 2:22-cv-01684-MC

　　　　　Petitioner,　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

BRAD CAIN,

　　　　　Respondent.
_____

MCSHANE, District Judge.

　　　　Petitioner brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state convictions for assault and the unlawful use and possession of a firearm. Petitioner contends that evidence was insufficient to support his convictions and that the firearm counts should have merged into a single conviction. Petitioner's claims of insufficient evidence are barred from review through procedural default and the Oregon courts reasonably denied Petitioner's merger claim. Accordingly, Petitioner fails to show entitlement to habeas relief, and the Petition is DENIED.

- 1 -　　OPINION AND ORDER

BACKGROUND

In June 2012, Petitioner was charged by indictment with two counts of Felon in Possession of a Firearm and one count each of Unlawful Use of a Weapon with a Firearm, Harassment, Menacing Constituting Domestic Violence, and Assault in the Fourth Degree Constituting Domestic Violence. Resp't Ex. 102. The charges arose from an incident between Petitioner and his wife during which Petitioner shot an inflatable mattress his wife was sleeping on and stomped on her legs. Resp't Ex. 103 at 15-18; *see also State v. Nunes*, 268 Or. App. 299, 302 (2014) (describing evidence at trial reflecting that, after finding his wife's gun, Petitioner "called [his wife] some vulgar names and fired the gun at the air mattress" and later "began stomping and kicking [his wife's] legs").

Petitioner waived jury and proceeded to trial before the court. Resp't Ex. 130. At the close of evidence and argument, the trial court acquitted Petitioner of harassment and found him guilty of all remaining charges. Resp't Ex. 101 at 23-28; Resp't Ex. 103 at 263-268. The trial court subsequently imposed concurrent sentences totaling ten years of imprisonment. Resp't Ex. 103 at 283-287.

Petitioner directly appealed his convictions, alleging that the evidence was legally insufficient to support his conviction for Unlawful Use of a Weapon and that the trial court erred by entering two convictions for Felon in Possession of a Firearm. Resp't Ex. 104. The Oregon Court of Appeals reversed and remanded with respect to Petitioner's convictions for Felon in Possession of a Firearm and otherwise affirmed. Resp't Exs. 106-07; Resp't Ex. 101 at 18-22.

After resentencing, Petitioner appealed and challenged the ten-year mandatory sentence for Unlawful Use of a Weapon and also argued that the trial court should have merged his convictions for Unlawful Use of a Firearm and Felon in Possession of a Firearm. Resp't Ex. 108.

The Oregon Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. Resp't Exs. 111, 113.

Petitioner then pursued post-conviction relief (PCR) on grounds that his trial and appellate counsel provided ineffective assistance in various respects. Resp't Ex. 116. The PCR court granted relief on Petitioner's claim that counsel should have argued for "earned time" credits, and the trial court entered an additional amended judgment that included Petitioner's eligibility for earned time credit. Resp't Ex. 159; *see also* Resp't Ex. 101 at 4-8. Petitioner did not appeal the PCR court's denial of his other grounds for relief.

On October 31, 2022, Petitioner sought federal habeas relief in this action.

## DISCUSSION

Petitioner raises five Grounds for Relief in his Petition. Pet. at 6-7, 11 (ECF No. 1). In Grounds One through Three, Petitioner alleges that insufficient evidence supported his conviction for Unlawful Use of a Weapon, because his wife's statement was fabricated, he did not possess the legally requisite state of mind, and the physical evidence did not support his conviction. In Ground Four, Petitioner claims that the trial court erred by failing to merge his conviction for the Unlawful Use of a Weapon and Felon in Possession of a Firearm. Finally, in Ground Five, Petitioner claims that he was a victim of vindictive prosecution.[1]

Respondent argues that Grounds One through Three and Five are barred by procedural default and that Ground Four was rejected by the Oregon Court of Appeals in a decision that is entitled to deference.

---

[1] In his supporting brief, Petitioner also argues that his counsel rendered ineffective assistance in various respects. Petitioner did not allege a claim of ineffective assistance of counsel in his Petition, and he has not exhausted such claims before the Oregon courts. *See* Response at 4 (ECF No. 21); *see also infra* at 3-4. Accordingly, they are not properly before this Court.

- 3 -    OPINION AND ORDER

<u>A. Grounds One Through Three and Five are Procedurally Defaulted</u>

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). To exhaust available state remedies, a petitioner must present all federal constitutional claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted).

If a claim was not fairly presented to the state courts and no state remedies remain available to do so, the claim is barred from federal review through procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451(2000); *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice requires a showing that the petitioner is actually innocent of the offense. *Schlup v. Delo*, 513 U.S 298, 327 (1995).

On direct appeal before the Oregon Court of Appeals, Petitioner challenged the sufficiency of evidence supporting his conviction for Unlawful Use of a Weapon. Resp't Ex. 104. However, Petitioner withdrew these claims before the Oregon Court of Appeals, and he did

not seek further review with the Oregon Supreme Court. *Nunes*, 268 Or. App. at 301 n.2; Resp't Ex. 107. Further, Petitioner did not raise a claim of vindictive prosecution in either of his direct appeals. Resp't Ex. 104, 108. Thus, Petitioner did not fairly present Grounds One through Three or Five to the Oregon appellate courts and the claims are unexhausted. Because Petitioner can no longer exhaust Grounds One through Three and Five, they are also procedurally defaulted. *See* Or. Rev. Stat. §§ 138.701, 138.650.

Petitioner maintains that the default should be excused because he is "actually innocent" of Unlawful Use of a Weapon. To make a gateway showing of actual innocence, Petitioner must present "new reliable" evidence that was "not presented at trial" and establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Petitioner cites "no new" evidence supporting his claim of actual innocence and simply rehashes the evidence presented to the trial court during Petitioner's bench trial. *See generally* Pet'r Brief (ECF No. 24).

Accordingly, Petitioner fails to show cause and prejudice to excuse the default of Grounds One through Three and Five, and they are barred from federal review.

B. The Oregon Courts Reasonably Rejected Ground Four

In Ground Four, Petitioner claims that his conviction for Felon in Possession of a Firearm should have merged with his conviction for Unlawful Use of a Weapon. Petitioner did not present argument in support of this claim in his supporting brief. However, before the Oregon Court of Appeals, Petitioner argued that Felon in Possession was a "lesser included offense" of Unlawful Use of a Weapon with a firearm "when aggravated under ORS 161.610(4)(b), and the offenses merge for conviction." Resp't Ex. 108 at 28. The Oregon Court of Appeals rejected this claim, explaining:

> Count 1 (UUW-firearm) contains an element that Count 2 (FIP) does not – namely, the unlawful attempt to use and carry and possess with intent to use unlawfully against another person a firearm. And, Count 2 (FIP) contains an element – that defendant previously had been convicted of a felony – that Count 1 (UUW-firearm) does not. Thus, merger is barred under ORS 167.061(1) because each provision requires proof of an element that the other does not.

Resp't Ex. 112 at 40-41.

The Oregon Court of Appeals' decision rests on its analysis of Oregon statutory law, and a state court's determination of state law is binding on this Court. *See, e.g., Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *see also Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (federal habeas relief is not available to remedy alleged errors of state law).

Accordingly, the Oregon courts did not unreasonably apply clearly established federal law when denying Ground Four, and Petitioner is not entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 12th day of March, 2024.

                                                    s/Michael J. McShane
                                                    MICHAEL J. MCSHANE
                                                    United States District Judge